2018R00424/VGOM

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon.  Susan D. Wigenton |
| | : | |
| v. | : | Criminal No.  22-13 (SDW) |
| | : | |
| JOSEPH SCHWARTZ | : | 26 U.S.C. § 7202 |
| | : | 26 U.S.C. § 7201 |
| | : | 29 U.S.C. §§ 1024 & 1131 |

### I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### Background

At all times relevant to this Indictment:

1.      Defendant JOSEPH SCHWARTZ ("SCHWARTZ"), an insurance producer and broker, was the owner and manager of Skyline Management Group LLC, with its headquarters in Wood-Ridge, New Jersey, and later in Totowa, New Jersey. Skyline Management Group LLC and other related companies (collectively, "Skyline") owned and managed approximately 95 health care and rehabilitation facilities operating in at least 11 states, including New Jersey. SCHWARTZ controlled Skyline and was responsible for all of its financial decisions regarding the daily operation of its health care and rehabilitation facilities.  Prior to October 2015, SCHWARTZ owned and controlled Business-1, an insurance brokerage business.

2.      In order to finance the expansion of Skyline, on or about October 1, 2015, SCHWARTZ sold Business-1 to Business-2, an unrelated insurance

business, for approximately $22,020,000.  As part of that transaction, SCHWARTZ entered into an employment contract with Business-2 wherein he received an annual salary of $300,000 and the right to collect commissions from Business-2 for selling insurance policies to Skyline-owned facilities and their employees.  As Skyline acquired more health care and rehabilitation facilities, Business-2 sold more insurance policies, and SCHWARTZ received larger commissions.

3.     Between in or around mid-2016 and in or around December 2017, SCHWARTZ, using bank financing, investor funds, and his personal assets, caused Skyline to acquire approximately 90 health care and rehabilitation facilities.  SCHWARTZ designated himself as a salaried employee at many of the newly acquired facilities.

4.     From in or around late 2015 through in or around late 2017, based on promises of a significant return for his investment, SCHWARTZ persuaded Skyline Associate-1 to invest at least six million dollars in Skyline to assist him in the purchasing and operation of the health care facilities referenced in paragraph 3. In or around late 2016, SCHWARTZ and Skyline Associate-1 created Business-3 and Business-4 in Skyline Associate-1's name to provide staffing and management services for approximately 15,000 employees of the various Skyline-owned health care and rehabilitation facilities. In or around January 2018, SCHWARTZ and Skyline Associate-1 transferred the employees of approximately 89 health care facilities from Business-3 and Business-4 into Business-6 (Business-3, Business-4, and Business-6 are referred to collectively as the "Staffing

2

Companies"). Business-6 comprised seven entities, one for each state in which the facilities operated, each with a unique Federal Tax Employer Identification Number ("EIN").

5.      SCHWARTZ controlled the finances of the Staffing Companies, even though each one was nominally owned by other individuals.

6.      Employers are required to withhold from their employees' paychecks amounts to cover individual income, Social Security, and Medicare tax obligations ("trust fund taxes").  Employers are separately required to make contributions for Social Security and Medicare in amounts matching their employees' withholdings. Employers are further required to remit all of these taxes (collectively, "payroll taxes") to the Internal Revenue Service ("IRS") on a periodic basis and are required to account for those taxes with the IRS on a quarterly basis by filing IRS Forms 941.

7.      A person is responsible for collecting, accounting for, and paying over trust fund taxes if he or she has the authority required to exercise significant control over an employer's financial affairs, regardless of whether the person in fact exercised such control. More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over payroll taxes.  As Skyline's principal, SCHWARTZ exercised control over Skyline's and the Staffing Companies' financial affairs by, among other acts, deciding which of the Staffing Companies' expenses to pay and transferring employees of Skyline-owned facilities to certain of the Staffing Companies. Therefore, SCHWARTZ was a

person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of the Staffing Companies trust fund taxes owed by the Staffing Companies' employees.

8.     In or around late 2016, SCHWARTZ hired Business-5, a payroll company unrelated to Skyline or the Staffing Companies, to process payroll for the Staffing Companies. Business-5 maintained records of employee hours, calculated employee wages and payroll taxes, and deducted trust fund taxes from employees' paychecks. Business-5 also prepared Forms 941 on behalf of the Staffing Companies for the third and fourth quarters of 2017 and the first and second quarters of 2018.

9.     SCHWARTZ failed to file, and caused the Staffing Companies to fail to file, the Forms 941 for the second quarter of 2018.

10.     Although Business-5 kept payroll records, SCHWARTZ controlled the funding needed by Business-5 to cover payroll for the Staffing Companies' employees and to pay over payroll and unemployment taxes to the IRS. From in or around mid-2017 until in or around June 2018, SCHWARTZ intentionally withheld from Business-5 the necessary funding required to pay the trust fund taxes and unemployment taxes due and owing for the Staffing Companies' employees. Failure to make these distributions jeopardized the ability of these employees to verify payment of their income taxes, and the taxes necessary to receive unemployment, Social Security, and Medicare coverage.  Instead of using the funds withheld from the Staffing Companies' employees to pay payroll taxes as he was required to do, SCHWARTZ used the funds for his own personal gain and for other

unrelated expenses of the Staffing Companies. As a result, SCHWARTZ caused the Staffing Companies to fail to pay approximately $38,982,016 in payroll taxes and unemployment taxes.

11.     Skyline sponsored a 401(k) Retirement Plan, a retirement savings and investment plan that employers offer employees that is subject to Title I of the Employee Retirement Income Security Act of 1974 (ERISA), pursuant to 29 U.S.C. §§ 1001 and 1002(2)(A). Contributions are automatically withdrawn from an employee's gross pay and invested according to the employee's own choices. SCHWARTZ became the Skyline 401(k) Retirement Plan Trustee on or about October 10, 2018, and as such was required to file an annual financial report Form 5500 series with the Secretary of Labor, pursuant to 29 U.S.C. §§ 1021(b) and 1024, in order to accurately provide the details of the Plan's financial condition, investments, and operation. SCHWARTZ failed to file the 2018 and 2019 Forms 5500 for the Skyline 401(k) Retirement Plan.

**COUNTS ONE THROUGH THIRTEEN**

**(Willful Failure to Pay Over Employment Taxes)**

12.     Paragraphs One through Eleven of this Indictment are realleged here.

13.     On or about the dates listed below, for each of the calendar quarters listed below, in the District of New Jersey and elsewhere, the defendant,

**JOSEPH SCHWARTZ,**

5

being a person required to collect, truthfully account for on quarterly Forms 941, and pay over to the IRS on behalf of the entities listed below the trust fund taxes imposed on their employees by the Internal Revenue Code, did willfully fail to collect, truthfully account for, and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of those entities.

| Count | Entity | Quarter | Filing Due Date | Trust Fund Taxes Not Paid |
|-------|--------|---------|-----------------|---------------------------|
| 1 | Business-3 | 3rd Quarter 2017 | October 31, 2017 | $3,183,753 |
| 2 | Business-3 | 4th Quarter 2017 | January 31, 2018 | $11,425,508 |
| 3 | Business-3 | 1st Quarter 2018 | April 30, 2018 | $18,623 |
| 4 | Business-4 | 3rd Quarter 2017 | October 31, 2017 | $2,417,076 |
| 5 | Business-4 | 4th Quarter 2017 | January 31, 2018 | $2,526,500 |
| 6 | Business-4 | 1st Quarter 2018 | April 30, 2018 | $1,798,003 |
| 7 | Business-6AR | 1st Quarter 2018 | April 30, 2018 | $1,950,197 |
| 8 | Business-6FL | 1st Quarter 2018 | April 30, 2018 | $782,022 |
| 9 | Business-6KS | 1st Quarter 2018 | April 30, 2018 | $601,166 |
| 10 | Business-6KY | 1st Quarter 2018 | April 30, 2018 | $371,135 |
| 11 | Business-6NE | 1st Quarter 2018 | April 30, 2018 | $1,180,444 |
| 12 | Business-6SD | 1st Quarter 2018 | April 30, 2018 | $1,299,455 |
| 13 | Business-6TN | 1st Quarter 2018 | April 30, 2018 | $114,214 |
| | | | TOTAL | $27,668,097 |

In violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2.

## COUNTS FOURTEEN AND FIFTEEN
### (Evasion of Unemployment Taxes)

14.    The allegations set forth in paragraphs One through Eleven of this Indictment are realleged here.

15.    Business-5 prepared and filed on behalf of Business-3 and Business-4 Employer's Annual Federal Unemployment Tax Returns ("FUTA") Forms 940 ("Form940").

16.    From on or about January 1, 2017 through on or about January 31, 2018, in the District of New Jersey and elsewhere, the defendant,

**JOSEPH SCHWARTZ,**

willfully attempted to evade and defeat the payment of a substantial amount of unemployment tax due and owing by the following entities to the United States of America, for the calendar year 2017, by among other things, creating and using nominee companies to hide his control of the following entities and providing insufficient funds and directing others to provide insufficient funds to Business-5, thereby preventing the entities from paying the taxes owed, each entity constituting a separate count:

| Counts | Entity | TAX DUE & OWING |
|--------|--------|-----------------|
| 14 | Business-3 | $337,751 |
| 15 | Business-4 | $29,276 |
| | **TOTAL** | **$367,027** |

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNTS SIXTEEN THROUGH TWENTY
### (Willful Failure to Pay Over Employment Taxes)

17.     The allegations set forth in paragraphs One through Eleven of this Indictment are realleged here.

18.     Business-5 prepared Forms 941 for the entities affiliated with Business-6. Those prepared Forms 941 were timely provided to defendant SCHWARTZ for filing. However, defendant SCHWARTZ failed to file, and caused others to fail to file, the Forms 941 for the second quarter of 2018.

19.     On or about July 31, 2018, in the District of New Jersey, and elsewhere, the defendant,

**JOSEPH SCHWARTZ,**

being a person required to collect, truthfully account for on quarterly Forms 941, and pay over to the IRS on behalf of the entities listed below the trust fund taxes imposed on their employees by the Internal Revenue Code, did willfully fail to collect, truthfully account for, and pay over the trust fund taxes due and owing to the IRS for the second quarter of 2018 on behalf of the employees of those entities, each constituting a separate count:

| Counts | Entity | Trust Fund Taxes Not Paid |
|--------|--------|---------------------------|
| 16 | Business-6AR | $477,392 |
| 17 | Business-6FL | $199,819 |
| 18 | Business-6KY | $89,145 |
| 19 | Business-6SD | $634,246 |
| 20 | Business-6TN | $64,344 |
| | **TOTAL** | **$1,464,945** |

In violation of Title 26, United States Code, Section 7202 and Title 18 United States Code, Section 2.

8

## COUNT TWENTY-ONE

### (Failure to File the Annual 5500 Report)

20.     The allegations set forth in paragraphs One through Eleven of this Indictment are realleged here.

21.     As administrator of the Skyline 401(k) Plan, SCHWARTZ signed the 2014 through 2017 Forms 5500, and caused them to be filed with the Secretary of Labor.

22.     In or around approximately October 2019 in the District of New Jersey, and elsewhere, the defendant,

**JOSEPH SCHWARTZ,**

as administrator of the Skyline 401(k) Plan, did knowingly and willfully fail to file the annual Form 5500 for the calendar year 2018 with the Secretary of Labor, which report was required to be filed, pursuant to ERISA and contrary to Title 29, United States Code, Sections 1021(b) and 1024.

In violation of Title 29, United States Code, Section 1131 and Title 18, United States Code, Section 2.

## COUNT TWENTY-TWO

### (Failure to File the Annual 5500 Report)

23.    The allegations set forth in paragraphs One through Eleven and Twenty One of this Indictment are realleged here.

24.    In or around approximately October 2020, in the District of New Jersey, and elsewhere, the defendant,

**JOSEPH SCHWARTZ,**

as administrator of the Skyline 401(k) Plan, did knowingly and willfully fail to file the annual report for the calendar year 2019 with the Secretary of Labor, which report was required to be filed, pursuant to ERISA, contrary to Title 29, United States Code, Sections 1021(b) and 1024.

In violation of Title 29, United States Code, Section 1131 and Title 18, United States Code, Section 2.

PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: Cr. 22-13 (SDW)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**JOSEPH SCHWARTZ**

# INDICTMENT
**26 U.S.C. Sections 7202,7201**
**29 U.S.C. Sections 1024,1131**

Philip R. Sellinger

UNITED STATES ATTORNEY,
NEWARK, NEW JERSEY

V. GRADY O'MALLEY
*SENIOR LITIGATION COUNSEL*
*NEWARK, NEW JERSEY*