

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

KRR/PL AGR
2018R00424

November 20, 2023

Kevin H. Marino, Esq.
Marino, Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928

      Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Joseph Schwartz</u>
            Crim. No. 22-13 (SDW)

Dear Mr. Marino:

      This letter sets forth the plea agreement between your client, Joseph Schwartz ("Schwartz" or "Defendant"), and the United States Attorney for the District of New Jersey and the Department of Justice Tax Division ("this Office"). This offer will expire on November 30, 2023, if it is not accepted in writing by that date. If Schwartz does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation. This plea agreement revokes all previous plea offers extended to Schwartz.

<u>Charges</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Schwartz to Counts One and Twenty-One of the Indictment, Criminal No. 22-13 (SDW), which charges Schwartz with willfully failing to pay over employment taxes, in violation of Title 26, United States Code, Section 7202 and Title 18, United States Code, Section 2 (Count One), and knowingly and willfully failing to file an annual Form 5500, in violation of Title 29, United States Code, Section 1131 and Title 18, United States Code, Section 2 (Count Twenty-One).

      If Schwartz enters a guilty plea and is sentenced to 12 months and one day imprisonment, and 3 years' supervised release on these charges, and fulfills a $5 million dollars restitution payment due at the time of sentencing (the "Stipulated Sentence"), and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Schwartz for withholding the

necessary funding required to pay the trust fund taxes and unemployment taxes due and owing for employees of Skyline Management Group LLC and the related entities listed on Schedule B (collectively, "Skyline"), for failing to file appropriate annual Form 5500s with the Department of Labor, as required by the Employee Retirement Income Security Act of 1974 ("ERISA") from on or about October 31, 2017 through on or about July 31, 2018, or related to the Paycheck Protection Program ("PPP") loans executed by Schwartz from in or around March 2020, to in or around December 2022. In addition, if Schwartz fully complies with this agreement, at sentencing, this Office will move to dismiss Counts Two through Twenty and Count Twenty-Two of the Indictment, Criminal No. 22-13 (SDW), against Schwartz. Finally, this Office has agreed that it will not oppose Schwartz's request that any sentence imposed on these charges run concurrently to any sentence that Schwartz serves related to pending criminal charges in the State District Court of Arkansas.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Schwartz even if the applicable statute of limitations period for those charges expires after Schwartz signs this agreement, and Schwartz agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Schwartz may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Schwartz will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of Title 26, United States Code, Section 7202 to which Schwartz agrees to plead guilty in Count One of the Indictment carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of Title 29, United States Code, Section 1131 to which Schwartz agrees to plead guilty in Count Twenty-One of the Indictment carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Twenty-One may run consecutively to each other or to any prison sentence Schwartz is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Schwartz agree that the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court **must** sentence Schwartz to 12 months and one day of imprisonment followed by 3 years' supervised release on these charges and $5 million dollars restitution payment due at the time of sentencing.

Further, in addition to imposing any other penalty on Schwartz, the sentencing judge as part of the sentence:

(1) will order Schwartz to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Schwartz to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Schwartz, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) may order Schwartz to pay the costs of prosecution;

(5) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982;

(6) If Schwartz violates any of the conditions of supervised release before the expiration of its term, Schwartz may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Schwartz agrees to pay restitution in the amount of $5 million at the time of sentencing to the Internal Revenue Service ("IRS"), which represents the full amount of restitution to be ordered by the Court, as agreed pursuant to 18 U.S.C. Section 3663(a)(3). Schwartz agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. Schwartz agrees to pay $5 million in restitution no later than the time of sentencing. In the event that he fails to do so, the restitution amount shall

be paid according to a plan established by the Court, which will be a schedule of the minimum payment due, and which does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. If the Court orders Schwartz to pay any unpaid portion of that $5 million restitution amount to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Schwartz does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Schwartz's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331. The IRS shall remain free to pursue such civil and administrative remedies against Schwartz as it deems appropriate.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Schwartz by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Schwartz's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Schwartz will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release either this Office or Schwartz from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Schwartz will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim Schwartz pursues in an appropriate forum, when permitted by law, that Schwartz received constitutionally ineffective assistance of counsel.

Immigration Consequences

Schwartz understands that, if Schwartz is not a citizen of the United States, Schwartz's guilty plea to the charged offenses will likely result in Schwartz being subject to immigration proceedings and removed from the United States by making Schwartz deportable, excludable, or inadmissible, or ending Schwartz's

naturalization. Schwartz understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Schwartz wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Schwartz's removal from the United States. Schwartz understands that Schwartz is bound by this guilty plea regardless of any immigration consequences. Accordingly, Schwartz waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Schwartz also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Federal Tax Forms and Waivers

If full payment cannot be made immediately, Schwartz agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Schwartz also agrees to provide the above-described information to the probation office. Further, Schwartz agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Schwartz. With respect to disclosure of the criminal file to the IRS, Schwartz waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Schwartz's tax returns and return information.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Tax Division and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Schwartz. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Schwartz from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Schwartz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: KENDALL RANDOLPH
Assistant U.S. Attorney

APPROVED:

Molly S. Lorber, Chief, Criminal Division

- 8 -

     I have received this letter from my attorney, Kevin H. Marino, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 11/24/23
Joseph Schwartz

     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 11/24/23
Kevin H. Marino, Esq.
Counsel for Defendant

- 9 -

<u>Plea Agreement With Joseph Schwartz ("Schwartz")</u>

<u>Schedule A</u>

1. This Office and Schwartz agree to stipulate to the following facts:

    (a) From in or around October 31, 2017 through in or around May 30, 2018, Schwartz was a person required to collect, truthfully account for on quarterly Forms 941, and to pay over to the IRS on behalf of employees of Skyline Management Group LLC and the related entities listed on Schedule B (collectively, "Skyline") the trust fund taxes imposed on their employees by the Internal Revenue Code, and did willfully fail to collect, truthfully account for, and pay over these trust fund taxes and related employment taxes in the amount of approximately $38,982,016.

    (b) As administrator of the Skyline 401(k) Plan, Schwartz had an obligation to file and did knowingly and willfully fail to file the annual Form 5500 for the calendar year 2018 with the Secretary of Labor, which report was required to be filed by Employee Retirement Income Security Act of 1974 ("ERISA").

    (c) Schwartz knowingly and voluntarily waives the applicable statute of limitations should this plea not be entered and accepted.

## Schedule B

**Entity**
**Comfort Quality Care AK I LLC**
Batesville Holdings
Broadway Health Holdings
Creekside Health Holdings
Dierks Health & Rehabilitation Center
Highlands of Fort Smith Holdings LLC
Lonoke Healthcare Center and Rehab
Heritage of Hot Springs Holdings LLC
Jonesboro Holdings LLC
Lindley Healthcare & Rehabilitation
Highlands of Little Rock South Cumberland
Highlands of Little Rock West Markham Holdings
Highlands of Little Rock Riley Holdings LLC
Madison Healthcare and Rehabilitation Center LLC
Magnolia Health Holdings LLC
Mine Creek Holdings LLC
Highlands of Mountain View RCF Holdings LLC
Highlands of Mountain View SNF Holdings LLC
Highlands of North Little Rock John Ashley Holding
Highlands of Rogers Dixieland Holdings LLC
Searcy Health and Rehab LLC
Spring Place Healthcare & Rehabilitation
Highlands of Stamps Holdings LLC
White Hall Holdings LLC

**Comfort Quality FL LLC**
Atlantic Care and Rehabilitation Center LLC
Auburndale Oaks Care and Rehabilitation Center LLC
Clear Water Care and Rehabilitation Center LLC
Laurel Pointe Care and Rehabilitation Center LLC
West Jacksonville Care and Rehabilitation LLC

**Comfort Quality KS LLC**
Chase County Care and Rehabilitation Center LLC
Downs Care and Rehabilitation Center LLC
Edwardsville Care and Rehabilitation Center LLC
El Dorado Care and Rehabilitation Center LLC
Eskridge Care and Rehabilitation Center LLC
Kaw River Care and Rehabilitation Center LLC
Lansing Care and Rehabilitation Center LLC
Neodesha Care and Rehabilitation Center LLC
Parkway Care and Rehabilitation Center LLC
Pittsburg Care and Rehabilitation Center LLC

Spring Hill Care and Rehabilitation Center LLC
Wakefield Care and Rehabilitation Center LLC
Wellington Care and Rehabilitation Center LLC
Wichita Care and Rehabilitation Center LLC
Wilson Care and Rehabilitation Center LLC

**Comfort Quality KY LLC**
Bardstown Healthcare and Rehabilitation
Laurel Creek Healthcare and Rehabilitation Center
Mountain View Healthcare and Rehabilitation Center

**Comfort Quality NE LLC**
Broken Bow Care and Rehabilitation Center LLC
Columbus Care and Rehabilitation Center LLC
Cozad Care and Rehabilitation Center LLC
Franklin Care and Rehabilitation Center LLC
Fullerton Care and Rehabilitation Center LLC
Grand Island Lakeview
Grand Island Park Place Care and Rehabilitation
Hartington Care and Rehabilitation Center LLC
Nebraska City Care and Rehabilitation Center LLC
Neligh Care and Rehabilitation Center LLC
Norfolk Care and Rehabilitation Center LLC
Omaha Metro Care and Rehabilitation Center LLC
ONeill Care and Rehabilitation Center LLC
Plattsmouth Care and Rehabilitation Center LLC
Schuyler Care and Rehabilitation Center LLC
Scottsbluff Care and Rehabilitation Center LLC
Sidney Care and Rehabilitation Center LLC
Sorensen Care and Rehabilitation Center LLC
Tekamah Care and Rehabilitation Center LLC
Valhaven Care and Rehabilitation
Wausa Care and Rehabilitation Center LLC

**Comfort Quality SD LLC**
Arlington Care and Rehabilitation Center
Armour Care and Rehabilitation Center LLC
Bella Vista Care and Rehabilitation Center
Black Hills C&R Center
Clark Care and Rehabilitation Center LLC
Covington Heights Care and Rehabilitation
Groton Care and Rehabilitation Center LLC
Ipswich Care and Rehabilitation Center
Lake Norden Care and Rehabilitation

Madison Care and Rehabilitation Center
Meadowbrook Care and Rehabilitation Center LLC
Milbank Care and Rehabilitation Center
Mobridge Care and Rehabilitaton Center LLC
Park Place Care and Rehabilitation Center LLC
Pierre Care and Rehabilitation Center LLC
Prairie Hills Care and Rehabilitation Center LLC
Redfield Care and Rehabilitation Center
Salem Care and Rehabilitation Center LLC
Watertown Care and Rehabilitation Center

**Comfort Quality TN LLC**
Skyline of Ashton Place Healthcare and Rehabilitation
Crestview Care and Rehabilitation Center LLC
Skyline of Midsouth Healthcare and Rehab

**Cornerstone Quality Care LLC**
Arlington Care and Rehabilitation Center
Armour Care and Rehabilitation Center LLC
Skyline of Ashton Place Healthcare and Rehabilitat
Atlantic Care and Rehabilitation Center LLC
Auburndale Oaks Care and Rehabilitation Center LLC
Bardstown Healthcare and Rehabilitation
Batesville Health and Rehab LLC
Bella Vista Care and Rehabilitation Center
Black Hills C&R Center
Broadway Health and Rehab LLC
Broken Bow Care and Rehabilitation Center LLC
Chase County Care and Rehabilitation Center LLC
Clarkson Care and Rehabilitation Center LLC
Clear Water Care and Rehabilitation Center LLC
Clark Care and Rehabilitation Center LLC
Columbus Care and Rehabilitation Center LLC
Cornerstone Quality Care LLC
Covington Heights Care and Rehabilitation
Cozad Care and Rehabilitation Center LLC
Creekside Health and Rehabilitation
Crestview Care and Rehabilitation Center LLC
Crown Point Health & Rehabilitation Center LLC
Dierks Health & Rehabilitation Center LLC
Downs Care and Rehabilitation Center LLC
Edwardsville Care and Rehabilitation Center LLC
El Dorado Care and Rehabilitation Center LLC
Eskridge Care and Rehabilitation Center LLC

Franklin Care and Rehabilitation Center LLC
Highlands of Fort Smith Holdings LLC
Grand Island Lakeview
Grand Island Park Place Care and Rehabilitation
Lonoke Healthcare Center and Rehabilitation
Groton Care and Rehabilitation Center LLC
Hartington Care and Rehabilitation Center LLC
Heritage of Hot Springs Holdings LLC
Ipswich Care and Rehabilitation Center LLC
Jonesboro Health and Rehab LLC
Kaw River Care and Rehabilitation Center LLC
Lake Norden Care and Rehabilitation Center
Lansing Care and Rehabilitation Center LLC
Laurel Brook Healthcare & Rehabilitation
Laurel Creek Healthcare and Rehabilitation Center
Laurel Pointe Care and Rehabilitation Center LLC
Linrock Healthcare & Rehabilitation Center LLC
Highlands of Little Rock South Cumberland Holdings
Highlands of Little Rock West Markham Holdings LLC
Highlands of Little Rock Riley Holdings LLC
Madison Care and Rehabilitation Center LLC
Madison Healthcare and Rehabilitation Center LLC
Magnolia Health Holdings LLC
Meadowbrook Care and Rehabilitation Center LLC
Skyline of Midsouth Healthcare and Rehab
Milbank Care and Rehabilitation Center LLC
Mine Creek Health and Rehab LLC
Mobridge Care and Rehabilitaton Center LLC
Mountain View Healthcare and Rehabilitation Center
Highlands of Mountain View RCF Holdings LLC
Highlands of Mountain View SNF Holdings LLC
Nebraska City Care and Rehabilitation Center LLC
Neligh Care and Rehabilitation Center LLC
Neodesha Care and Rehabilitation Center LLC
Highlands of North Little Rock John Ashley Holding
Norfolk Care and Rehabilitation Center LLC
Highlands of Rogers Dixieland Holdings LLC
Omaha Metro Care and Rehabilitation Center LLC
ONeill Care and Rehabilitation Center LLC
Parkway Care and Rehabilitation Center LLC
Park Place Care and Rehabilitation Center LLC
Pierre Care and Rehabilitation Center LLC
Pittsburg Care and Rehabilitation Center LLC
Plattsmouth Care and Rehabilitation Center LLC

Prairie Hills Care and Rehabilitation Center LLC
Redfield Care and Rehabilitation Center
Salem Care and Rehabilitation Center LLC
Schuyler Care and Rehabilitation Center LLC
Scottsbluff Care and Rehabilitation Center LLC
Searcy Health and Rehab LLC
Sidney Care and Rehabilitation Center LLC
Sorensen Care and Rehabilitation Center LLC
Spring Hill Care and Rehabilitation Center LLC
Spring Place Healthcare & Rehabilitation
Highlands of Stamps Holdings LLC
Tekamah Care and Rehabilitation Center LLC
Valhaven Care and Rehabilitation
Wakefield Care and Rehabilitation Center LLC
Watertown Care and Rehabilitation Center
Wausa Care and Rehabilitation Center LLC
Wellington Care and Rehabilitation Center LLC
West Jacksonville Care and Rehabilitation LLC
White Hall Holdings LLC
Wichita Care and Rehabilitation Center LLC
Wilson Care and Rehabilitation Center LLC
Cornerstone Quality Care LLC
Fullerton Care and Rehabilitation Center LLC
Lindley Healthcare & Rehabilitation Center LLC

**Dynamic Care and Rehabilitation LLC**
Only entity under this FEIN