<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 8, 2025

Daniel Rosenblum
DOJ-USAO
970 Broad Street
7th Floor
Newark, NJ 07102
*Counsel for Plaintiff*

Kevin H. Marino
Marino, Tortorella & Boyle, P.C.
437 Southern Boulevard
Chatham, NJ 07928
*Counsel for Defendant*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re:  *United States of America v. Joseph Schwartz*, Crim. No. 22-13 (SDW)**

Counsel:

Before this Court is Defendant Joseph Schwartz's ("Defendant" or "Schwartz") Motion on Short Notice for Bail Pending Appeal (D.E. 61 ("Mot.")).  The United States of America ("the Government") has opposed the Motion.  (D.E. 62.)  For the reasons set forth herein, Defendant's Motion is **DENIED**.

**I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

On January 12, 2022, a federal grand jury in the District of New Jersey returned an Indictment against Joseph Schwartz charging him with eighteen counts of willful failure to pay over employment taxes (Counts One through Thirteen and Counts Sixteen through Twenty); two

counts of evasion of unemployment taxes (Counts Fourteen and Fifteen); and two counts of failure to file Annual 5500 Reports (Counts Twenty-One and Twenty-Two).  (D.E. 1 ("Indictment").)

### A.  The Initial Plea Agreement

On January 17, 2024, Defendant entered a Rule 11(c)(1)(C) plea—dated November 20, 2023—in which he pleaded guilty to Counts One and Twenty-One.  (D.E. 26–28.)  The plea agreement required this Court to sentence Schwartz to a term of twelve months and one day of imprisonment followed by three years' supervised release as well as a $5 million restitution payment due at the time of sentencing.  (D.E. 27 at 3.)  During the plea hearing, this Court "defer[red] its decision to accept the plea agreement" until it had the opportunity to review the presentence report ("PSR").  (D.E. 28 17:12–16.)  This Court advised the parties that consistent with its discretion, it would determine whether the sentence was fair and notify counsel if it chose not to accept the plea prior to the sentencing date, which was set for May 22, 2024.  (*Id.* 17:17–18:6.)  Having received the final PSR on May 10, 2024, this Court rescheduled sentencing for July 17, 2024.  On May 23, 2024, this Court notified the parties that it rejected the plea agreement and afforded Defendant the opportunity to withdraw his guilty plea.  (D.E. 34.)  Schwartz withdrew his guilty plea on August 23, 2024.  (D.E. 38.)

### B.  September 2024 Status Conference

The parties appeared before the undersigned for a status conference on September 26, 2024.  (D.E. 42.)  At this juncture, Mr. Marino, defense counsel for Schwartz, did not attempt to ascertain or inquire of this Court as to its reasons for rejecting the Rule 11(c)(1)(C) plea.  Instead, Mr. Marino expressed the following:

> But I know that the last plea offer or the plea agreement that we had reached was quite specific, this is what the sentence will be.  I always understood Your Honor's problem with that to be that it didn't afford the Court a range and sort of said, this is it.  And so, Your Honor, your reaction to that, at least as I understood it, is it's not a categorical opposition to or resistance to the idea of a (c) plea, but it's a resistance to being told this is the sentence, which I understand.

(D.E. 43 5:15–24.)  The following exchange occurred between Mr. Marino and this Court:

> MR. MARINO:  And obviously, the Government and I both agree, even after Your Honor spoke, that we were both going to ask you to impose the year and a day and sort of explain why you should do that.  But I thought we could come to an agreement with a (c) plea that was six to eighteen, with Your Honor having that range.  They don't want to do that because I think they don't want to offend Your Honor by coming back with another (c) plea.
>
> I didn't think that would be something Your Honor would find offensive, but if you didn't like it you would say, I didn't like it.

THE COURT:  That's true.  It's definitely not an issue of offending me.  I would have to look at it.

But as you said, I don't have a categorical position that I do not accept any (c) pleas. That is not my position at all.  In this particular case, what was presented, I did not think that that was appropriate.  I don't know that that range is appropriate either, Mr. Marino, but I don't know, even as I sit here today, if that's in fact, a reasonable range.

(*Id.* 6:11–7:7.)  In response, the Government indicated it had extended a plea offer to Schwartz, which Schwartz did not want, and that it thought it best to set a trial date.  (*Id.* 9:10–16.)  This is what followed:

MR. MARINO:  I think they are being inflexible.  It has nothing to do with, I don't want to involve you in those plea negotiations or anything else.

I'm just saying, if Your Honor would say to me, I'm not looking for something more than an 18-month sentence—

THE COURT:  I'm not going to say that.

MR. MARINO:  You're not about to say it.

THE COURT:  Right, I'm not going to say that.

MR. MARINO:  I understand.  So they don't want to do it, let's set a trial date.

THE COURT:  Fair enough.  February 18th.

(*Id.* 10:12–22.)

## C. Subsequent Plea Agreement and Sentencing

On November 18, 2024, Schwartz once against moved to enter a guilty plea.  (D.E. 46–48.)  In this plea agreement, Schwartz was to plead guilty to Counts One and Twenty-One of the Indictment.[1]  (D.E. 47 at 1.)  The parties agreed to a Stipulated Range of six to eighteen months' imprisonment, but also "agree[d] that each [would] request that the District Court impose a sentence of 12 months and one day"—the same sentence the parties had previously stipulated to in the January 2024 plea agreement.  (*Id.* at 8.)  The agreement "recognize[d] . . . that the Stipulated Range [would] not bind" this Court.  (*Id.*)  At the conclusion of its November 18, 2024 plea hearing, this Court accepted Schwartz's guilty plea.  (D.E. 48 19:3–10.)

---

[1] The subsequent plea agreement was dated August 19, 2024, but was not executed until October 31, 2024. (D.E. 47 at 1, 7.)

3

Consistent with the plea agreement's terms, both parties argued for a downward variance and a sentence of one year and a day at sentencing.[2] (D.E. 56 ("Sentencing Tr.") 8:19–22, 19:5–8, 22:13–15.) This Court rejected those arguments, making note of the fact that when presented with the year and a day sentence in the initial plea agreement, this Court rejected it, and reasoning that such a sentence did not "fairly and accurately reflect[] the seriousness of what occurred." (*Id.* 25:16–24.) Additionally, this Court stated: "[T]here has been very little that has been provided to the Court that would support that that is in fact an appropriate sentence in light of the massive amount of money that was involved here." (*Id.* 32:4–9.)

Ultimately, this Court sentenced Schwartz to a term of thirty-six months, followed by three years of supervised release, on each of Counts One and Twenty-One, respectively, to be served concurrently. (D.E. 55; Sentencing Tr. 35:19–36:6.) Additionally, Schwartz was ordered to pay $5 million in restitution, among other fines. (Sentencing Tr. 37:4–38:19.) This Court highlighted that the PSR suggested a term of imprisonment of forty-six to fifty-seven months, consistent with the United States Sentencing Guidelines. (*Id.* 34:24–35:3.) This Court stated it would give deference to the Guidelines, but ultimately recognized it had "the discretion to impose the sentence [it] felt [was] appropriate." (*Id.* 32:21–33:5.)

In imposing its sentence, this Court analyzed the relevant 18 U.S.C. § 3553(a) factors, giving credence to Schwartz's history, characteristics, and the serious nature of what occurred here. (*Id.* 28:13–29:6 (juxtaposing the descriptions of Schwartz being a "smart" businessman with the multiple layers of businesses involved); 27:19–28:2 (rejecting the assertions that Schwartz is medically unwell and that his family would suffer hardship given the lack of support or documentation for such claims); 34:1–12 (discussing the need for deterrence given the "grand failure" of Schwartz's business and the business structure he had, "which one could assume [was] to avoid responsibility")).) Despite finding the parties' articulated rationales for a variance wanting, this Court did consider Schwartz's age and home confinement as reasons to vary. (*Id.* 35:4–15.) Notwithstanding the variance, this Court's sentence avoided any unwarranted sentencing disparities for the reasons set forth at sentencing. (*See id.* 35:14–18.) Defendant timely filed his Notice of Appeal. (D.E. 57.)

## II.    DISCUSSION

Schwartz moves on short notice for bail pending appeal or alternatively, for a ninety-one-day extension of his August 17, 2025 surrender date. (D.E. 61-1 at 1.) This Court addresses each request in turn.

### A.  Bail Pending Appeal

Schwartz asks for bail pending appeal, arguing that his appellate brief shows his appeal is not dilatory and that it raises a substantial question of law "likely to result in reversal of his sentence and the imposition of a reduced sentence." (D.E. 61-1 at 1.) Finding that Schwartz's

---

[2] Sentencing took place on April 10, 2025. (D.E. 54.)

appeal does not raise a substantial question of law, Schwartz's request for bail pending appeal is **DENIED**.

Bail pending appeal is appropriate where the moving defendant shows that: (a) he is unlikely to flee or pose a danger to the safety of any other person or the community if released, by clear and convincing evidence; and (b) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.[3] 18 U.S.C. § 3143(b)(A); 18 U.S.C. § 3143(b)(B)(i), (iii)–(iv). A "substantial" question is either novel, has not been decided by controlling precedent, or is fairly doubtful. *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). The defendant bears the burden of making this showing. *Id.* at 24.

### 1. Initial Plea Agreement

Schwartz challenges this Court's manner of rejecting the January 2024 plea agreement as "plainly erroneous." (D.E. 61-1, Ex. A at 43.) Schwartz's focus on this Court's rejection of the Rule 11(c)(1)(C) plea is misplaced, as this Court accepted his guilty plea, but deferred its acceptance of the plea agreement until it had the opportunity to review the PSR at the January 18, 2024 hearing—consistent with Federal Rules of Criminal Procedure ("Rule") 11(c)(3)(A) and (c)(5). *Cf. United States v. Hyde*, 520 U.S. 670, 674 (1997) ("Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time."). The text of Rule 11 does not *require* courts to explain their reasons for rejection. *See* Fed. R. Crim. P. 11(c)(5); *see United States v. Wright*, 291 F.R.D. 85, 89 (E.D. Pa. 2013) (recognizing that other courts have provided additional, *non-binding* guidance concerning Rule 11(c)(1)(C) pleas, such as setting forth specific reasons for acceptance or rejection of a plea agreement).

If Schwartz and/or defense counsel had any reservations concerning this Court's rejection of the initial plea agreement, they were free to further inquire about the rejection. Mr. Marino did not do so either (a) in writing in the months following this Court's rejection, or (b) even when appearing before this Court at the September 2024 status conference.[4] In fact, at the status conference Mr. Marino indicated that he understood the undersigned is not categorically opposed to Rule 11(c)(1)(C) pleas. (D.E. 43 6:15–24.) To the extent it was unclear to defense counsel why this Court opposed the initial plea agreement at the time this Court notified the parties, any confusion should have been abated by this Court's statement that it did not deem what was presented in the initial plea agreement appropriate. (*Id.* 7:3–4.)

---

[3] The first element of the bail pending appeal inquiry is not at issue in this case.

[4] Defense counsel's challenge is also undermined by the fact that at the time the parties appeared before the undersigned at the status conference, it appears the Government had already extended the subsequent plea offer to Schwartz a few days prior to him withdrawing his guilty plea. *Compare* (D.E. 38 (withdrawing initial plea agreement on August 23, 2024)), *with* (D.E. 47 at 1 (date of subsequent plea agreement, August 19, 2024)).

### 2. *Sentenced Imposed*

Schwartz also argues this Court's sentence was procedurally unreasonable because this Court failed to consider counsel's argument for a variance and because this Court enhanced his sentence with speculative and unsupported inferences. (Ex. A at 31–39.) However, the sentencing transcript shows that this Court did consider counsel's arguments for a variance but ultimately found them unconvincing. (Sentencing Tr. 33:11–16.) For example, defense counsel argued Schwartz's case was distinguishable "from the typical tax case" where the defendant builds a lavish lifestyle from the tax fraud proceeds in that Schwartz "did not use all this unpaid tax money to do anything other than to try to satisfy" his business's obligations. (Sentencing Tr. 6:11–16, 7:13–17.) This Court rejected such an argument, particularly noting "very little detail" had been provided to the Court about the implosion of Schwartz's businesses and that the failure to live a lavish lifestyle with the proceeds would not be the only justification for the conduct being brazen. (Sentencing Tr. 26:4–20, 29:7–13.)

As to Schwartz's second argument, this Court, within its discretion, imposed a sentence it felt was appropriate to impose in light of the record before it. As per the Sentencing Reform Act, "[t]he record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors, in arriving at a final sentence." *United States v. Grier*, 475 F.3d 556, 571–72 (3d Cir. 2007) (citing *United States v. Cooper*, 437 F.3d 324, 329–32 (3d Cir. 2006)). This Court is confident a review of the record demonstrates compliance with what the law requires. Consistent with the discretion granted to it, this Court endeavored to listen to each argument and imposed a sentence that reflected the need for deterrence, the seriousness of the offense conduct, and Schwartz's history and characteristics. (Sentencing Tr. 30:1–2, 32:19–20, 33:3–11); *Grier*, 475 F.3d at 571 ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."). Although not bound by the Sentencing Guidelines, this Court ultimately imposed a sentence consistent with what the Guidelines suggested, even varying to account for Schwartz's age and period of home confinement. Schwartz's appeal does not present arguments that lead this Court to believe the sentence it imposed was so unreasonable that "no sentencing court would have imposed the same sentence on [him] for the reasons . . . provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Accordingly, Defendant's request for bail pending appeal is **DENIED**.

### B. Surrender Date Extension Request

In the alternative, Schwartz requests that this Court extend his surrender date by an additional ninety-one days, from the current surrender date of August 17, 2025, to November 16, 2025, "to enable him to move before the Third Circuit to expedite his appeal and/or for bail pending appeal before being required to surrender."[5] (D.E. 61-1 at 2.) Schwartz could have made such a request earlier, but as he did last time, he has waited until the eve of his surrender date. It is unclear

---

[5] This Court previously granted a ninety-day extension request, moving Schwartz's self-surrender date from May 19, 2025, to August 17, 2025. (D.E. 59.)

to this Court why such a request could not have been made earlier or what has prevented Schwartz from seeking expedited review of his appeal at an earlier time.

This Court has concluded Schwartz's appeal does not present a substantial question of law meriting bail pending appeal.  At this juncture, justice warrants that the sentence commence. Schwartz's surrender date extension request is **DENIED**.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, this Court **DENIES** Defendant Schwartz's Motion.

     /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties